# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
|---|---|---|
| v. | : | |
| JAMES WHITTED | : | NO. 05-598-02 |

## MEMORANDUM RE: § 2255 PETITION

**Baylson, J.** April 25, 2013

The defendant was indicted on very serious drug charges and was convicted of those charges after a jury trial. Prior to trial, defendant had filed a motion to suppress which was denied, and other motions for pretrial release, which were granted. Following his conviction, the defendant was sentenced, and filed an appeal with the Third Circuit, which affirmed the conviction, but remanded for resentencing. On remand, this Court imposed a new sentence of 180 months imprisonment, plus other terms and conditions.

Defendant has now filed a petition under 28 U.S.C. § 2255, which the government has answered, and the defendant has filed a reply brief. The main thrust of the petition is that defendant's trial counsel did not render competent representation, and therefore defendant's constitutional rights were violated.

The Court notes that the government's reply sets forth a procedural history in much greater detail which is accurate, but unnecessary to repeat for purposes of determining this pending petition.

At trial, defendant was represented by Stephen Patrizio, Esquire, a very experienced and competent criminal defense lawyer. Mr. Patrizio filed the appropriate pretrial motions, and represented the petitioner very well at those hearing, filings briefs as necessary and making arguments which were the best advocacy as the facts and law allowed. Nonetheless the motions were denied.

The Court notes that defendant was released on bail during much of the pretrial proceedings, and thus fully able to cooperate with his counsel, without the restrictions of pretrial detention.

Similarly, at the trial, Mr. Patrizio defended petitioner with great vigor and skill. However, the government's evidence was overwhelming. Although the defendant testified in his own behalf and denied all of the allegations of criminal conduct, the jury obviously did not accept his testimony.

The government's reply also summarizes the evidence in great detail and accurately. Furthermore, the non-precedential opinion of the Third Circuit reviewed the evidence and affirmed the conviction finding that the evidence was sufficient to support the guilty verdicts, and there were no errors warranting a new trial.

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Second, the defendant must show that the deficient errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

The defendant bears the heavy burden of overcoming the "strong presumption" that counsel's conduct falls within the wide range of reasonable professional assistance …." *Id*.at 689. In addition, the defendant must also show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. At 694. The Third Circuit has stressed that the second part of the *Strickland* test should be addressed first. *See, McAleese v. Mazuriewicz*, 1 F.3d 159 (3d Cir.), *cert denied*, 510 US. 1028 (1993); *United States v. Fulford*, 825 F.2d 3 (3d Cir. 1987), *McNeil v. Cuyler*, 782. F.2d 443 (3d Cir.) *cert denied*, 479 U.S. 1010 (1986).

Applying the Second part of the *Strickland* test, the Court concludes that the government's evidence of defendant's criminal conduct was so overwhelming that whatever complaints defendant makes about Mr. Patrizio, the defendant received a fair trial, and the resulting guilty verdicts are reliable. In other words, the Court concludes that no lawyer, no matter how competent, would have been able to achieve not guilty verdict for the defendant in view of the government's evidence.

Furthermore, the Court also finds that the errors alleged against Mr. Patrizio are meritless and that Mr. Patrizio acted as competent counsel throughout.

As the government points out in its response to the petition, petitioner has misstated, either purposely or otherwise, a good deal of the pretrial proceedings and the trial evidence, as follows:

1. There was no basis for defense counsel to raise a statute of limitations defense concerning the firearms charges. The evidence was clear that the defendant was indicted for being in constructive possession of the firearm within five years of the offense, and thus no statute of limitations defense would have been possible.

2. Defense counsel had no basis on which to object to Count XVII, as being duplicative with Count I.

Count I charges conspiracy, whereas Count XVII charges possession of a firearm in furtherance of a drug trafficking crime, and aiding and abetting. Although the facts of these two counts were related, each is a separate criminal offense in the government was well within its rights in bringing both offenses and a single superseding indictment. The government's citations of authority on this point at pages 13-18 of the Brief correctly state the law on this point and need not be repeated here.

3. Defense counsel did file a Rule 29 motion, which the Court denied. At the close of the government's case, defense counsel submitted a Rule 29 motion orally, which the Court initially held under advisement, and then denied. Defendant's allegation that no Rule 29 motion was filed is erroneous. In any event, such an omission would be harmless because defendant was represented by competent counsel on appeal and raised all of the issues on appeal which could have been raised on a Rule 29 motion. Defendant had no substantive grounds for the court granting a Rule 29 motion.

4. Petitioner's claim about his counsel not being effective in the motion to suppress is incorrect. As noted above, defense counsel filed a motion to suppress which was fully litigated. Defendant claims that his defense counsel should have requested a *Franks* hearing, presumably citing *Franks v. Delaware*, 438 U.S. 154 (1978). There were no reasons in this case for the government to disclose the identity of the confidential informant. No defense counsel could have succeeded in such an effort. Deciding the motion to suppress did not require such disclosure, the evidence at the suppression hearing required denial of the motion. The evidence at the suppression hearing was also

overwhelming in showing that there was probable cause for the issuance of the search warrant. Defendant's contentions to the contrary are without merit.

5. Defendant has made some other claims such as the government not meeting its burden of proof, improper joinder, and allegations of prosecutorial misconduct before the grand jury and at trial. These are not proper arguments on a § 2255 Petition but in any event are without merit.

For the above reasons, defendant's petition will be **DENIED.**

An appropriate Order follows.

O:\CRIMINAL CASES\05-598 HARRIS, US V\05CR598-2.042413.MEMO.2255.DOCX